UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:02-CR-259

HON. RICHARD ALAN ENSLEN

v.

FELIX HERRERA,

        Defendant.

_____/

**ORDER**

This matter is before the Court on Defendant Felix Herrera's Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and for records, documents and transcripts.

On October 24, 2002, an Indictment was issued against Defendant charging him with knowingly and intentionally possessing cocaine base (crack) with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and carrying and brandishing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 6, 2003, Defendant entered a guilty plea to Counts One and Three. Count Two was dismissed pursuant to the written plea agreement.

On May 8, 2003, Defendant was sentenced by this Court to a term of 160 months on Count One and 84 months on Count Three to be served consecutively. At the time of sentencing, Defendant objected to the finding that he was a career offender under U.S.S.G. § 4B1.1. The Court denied Defendant's objection.

Defendant now asserts that he is entitled to relief because the Court sentenced Defendant to an increased punishment based on prior convictions without Plaintiff filing an information as required by 21 U.S.C. § 851. Upon review, this Court finds that an evidentiary hearing is not

necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

The Sixth Circuit's decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

Upon review, the Court finds that Defendant is not entitled to relief. Defendant did not raise this issue on appeal and has, therefore, procedurally defaulted his substantive claim made pursuant to 21 U.S.C. § 851. However, even if Defendant had not procedurally defaulted his claim, Defendant's argument fails. Defendant's sentence was increased under the Sentencing Guidelines and not § 851. The Guidelines do not require Plaintiff to file an information outlining prior convictions as required by § 851. *See United States v. Herrera*, 375 F.3d 339, 407 (6th Cir. 2004); *United States v. LaSalle*, 948 F.2d 215, 218 (6th Cir. 1991) (". . . it is well established that habitual criminal laws, which the career offender guidelines emulate, withstand *ex post facto* and double jeopardy challenges.")

Defendant also asserts that he was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to prevail on a claim of ineffective assistance, a defendant must show two things: first, that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight"). In order to meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.*

Defendant fails to meet either the first or second prong of the *Strickland* standard. At sentencing, defense counsel did object to the career offender enhancement under the Guidelines. Therefore, the Court finds that defense counsel's decision not to raise an objection under § 851 was a reasonable and strategic choice considering the circumstances. *Strickland*, 466 U.S. at 689-90; *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1988).

For those reasons, Defendant's § 2255 Motion will be denied. Finding Defendant's § 2255 Motion to be without merit, the Court will also deny Defendant's motion for records, documents and transcripts as unnecessary.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Records, Documents and Transcripts (Dkt No. 38) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    July 18, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |