UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FELIX HERRERA,

        Defendant.
_____/

Case No. 1:02-cr-259-01

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Defendant's Motion for a Certificate of Appealability. Defendant seeks to appeal this Court's denial of Defendant's Petition for Rehearing or Reconsideration of an earlier denial of Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

      Defendant's right to appeal is governed by 28 U.S.C. § 2253(c), which provides that such an appeal may not be taken unless a circuit justice or judge issues a certificate of appealability. A certificate may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Where, as in this case, the Court denied Defendant's constitutional claims on the merits, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. *See also Frazier v. Huffman*, 343 F.3d 780, 788 (6th Cir. 2003). Furthermore, if a certificate is granted, the district court "shall indicate which specific issue or issues satisfy the showing required." *Frazier*, 343 F.3d at 789 (citing 28 U.S.C. § 2253(c)(3)).

      Defendant asserts he was denied due process in light of the government's failure to file an information prior to seeking a sentence enhancement as a career criminal. The Sixth Circuit Court

of Appeals has already reviewed Defendant's claim in a published opinion and determined that neither the Constitution nor the United States Sentencing Guidelines require the government to file an information when enhancing a sentence under the Guidelines. *United States v. Herrera*, 375 F.3d 399, 407 (6th Cir. 2004). Furthermore, Defendant knew prior to sentencing he qualified as a career offender under the United States Sentencing Guidelines as evidenced by his written plea agreement apprising him of exactly that fact. Defendant can hardly claim he lacked notice of the sentence enhancement when he had the presentence report recommending the sentence enhancement six weeks prior to sentencing and was given the opportunity to litigate the enhancement at the sentencing hearing. *Hererra*, 375, F.3d at 407. It is clear Defendant has been given all the process he is due.

Because Defendant has failed to make a substantial showing of the denial of a constitutional right, his Motion for Certificate of Appealability will denied as to the sole issue raised in his Motion.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Request for Certificate of Appealability (Dkt. No. 46) is **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
September 12, 2005  Richard Alan Enslen
  Senior United States District Judge